UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

| | | |
|---|---|---|
| **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION |
| v. | ) ) | Case No. |
| **GREAT LAKES HARVESTER CORPORATION**, a Michigan corporation, and **MIGUEL ROSALES RUIZ**, an individual | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, **THOMAS E. PEREZ**, Secretary of Labor, United States Department of Labor,

brings this action to enjoin and restrain defendants **GREAT LAKES HARVESTER**

**CORPORATION,** a Michigan corporation, and **MIGUEL ROSALES RUIZ,** an individual,

(hereinafter collectively "defendants"), from violating the provisions of sections 6, 7, 11, and 15

of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (the "FLSA"),

pursuant to section 17 of the FLSA; and to recover unpaid minimum wage and overtime

compensation owing to defendants' employees together with an equal amount as liquidated

damages, pursuant to section 16(c) of the Act; and to enjoin defendants from violating the

provisions of sections 201, 202, 301, and 302 of the Migrant and Seasonal Agricultural Worker

Protection Act, as amended (29 U.S.C. § 1801, *et seq.*) (the "MSPA"), pursuant to section 502(a)

of the MSPA.

## COUNT ONE – FLSA VIOLATIONS

### I

Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the FLSA and 28 U.S.C. § 1345.

### II

**A.** Defendant, **GREAT LAKES HARVESTER CORPORATION**, is and, at all times hereinafter mentioned, was a Michigan corporation with an office and a place of business directly adjacent to Piedt Farms, which is located at 7373 E. Main, Eau Clare, Michigan 49111, Berrien County, within the jurisdiction of this Court, and is and, at all times hereinafter mentioned, was engaged in the business of processing and packing watermelons and in the performance of related types of activities.

**B.** Defendant, **MIGUEL ROSALES RUIZ**, an individual, is the sole owner of the defendant corporation. At all times hereinafter mentioned, **MIGUEL ROSALES RUIZ** was engaged in business within Berrien County directly adjacent to Piedt Farms, which is located at 7373 E. Main, Eau Clare, Michigan 49111, acting directly or indirectly in the interest of the company defendant in relation to its employees by paying employees, setting pay and hours, and giving directions to employees and is an employer within the meaning of section 3(d) of the Act**.**

### III

**GREAT LAKES HARVESTER CORPORATION**, is and, at all times hereinafter mentioned, was engaged in related activities performed through unified operation or common control for a common business purpose, and is and, at all times hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Act.

## IV

At all times hereinafter mentioned defendant **GREAT LAKES HARVESTER CORPORATION** employed many employees in and about the aforesaid place of business in processing and packing watermelons and in the performance of related types of activities, including the shipment and distribution of goods to points outside the State of Michigan.  Such goods include watermelons shipped for sale in other States, including Illinois, Tennessee, and Florida.

## V

Defendants repeatedly violated the provisions of sections 6 and 15(a)(2) of the FLSA by paying employees wages at a rate of less than $7.25 per hour in workweeks when said employees were engaged in commerce and in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid for all hours worked.  The violations were the result, in part, of defendants paying employees on a piece rate basis, which in some workweeks was less than the statutory minimum for each hour worked.

## VI

Defendants repeatedly violated the provisions of sections 7 and 15(a)(2) of the Act, by employing employees who in workweeks were engaged in commerce or in the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, as aforesaid, for workweeks longer than forty (40) hours without compensating said employees for their employment in excess of forty (40) hours per week during such workweeks at rates not less than one and one-half times the regular rate at which they were employed.  The violations were the result, in part,

of defendants paying employees on a piece rate basis, which in some workweeks was less than the statutory overtime premium for each hour worked in excess of forty (40) hours per week.

## VII

Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of sections 11(c) and 15(a)(5) of the FLSA in that they failed to make, keep, and preserve adequate and accurate records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations duly issued pursuant to authority granted in the FLSA and found in 29 C.F.R. Part 516, in that records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to employees and the regular rates at which they were employed.

## VIII

During the period since August 16, 2013, defendants have repeatedly violated the provisions of the FLSA as set forth above. A judgment that enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the FLSA is expressly authorized by section 17 of the Act.

**WHEREFORE**, cause having been shown, plaintiff prays for judgment against defendants as follows:

**A.** For an Order pursuant to section 17 of the Act, permanently enjoining and restraining the defendants, their officers, agents servants, employees, and those persons in active concert or participation with them from prospectively violating the Act; and

**B.** For an Order:

1.      pursuant to section 16(c) of the Act, finding defendants liable for unpaid minimum wage and overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due their employees listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or, in the event liquidated damages are not awarded,

2.      pursuant to section 17, enjoining and restraining the defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from withholding payment of unpaid minimum wage and overtime compensation found to be due their employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621;

C.      For an Order awarding plaintiff the costs of this action; and

D.      For an Order granting such other and further relief as may be necessary and appropriate.

<b><u>COUNT TWO – MSPA VIOLATIONS</u></b>

<b>IX</b>

Jurisdiction of this action is conferred upon the court by section 502(a) of the MSPA, 29 U.S.C. § 1852(a); and 28 U.S.C. § 1345.

<b>X</b>

A.      Defendant, **GREAT LAKES HARVESTER CORPORATION**, is and, at all times hereinafter mentioned, was a Michigan corporation with an office and a place of business directly adjacent to Piedt Farms, which is located at 7373 E. Main, Eau Clare, Michigan 49111,

Berrien County, within the jurisdiction of this Court, and is and, at all times hereinafter

mentioned, was engaged in the business of processing and packing watermelons and in the

performance of related types of activities.

B.      Defendant, **MIGUEL ROSALES RUIZ**, an individual, is the sole owner of the

defendant corporation.  At all times hereinafter mentioned, **MIGUEL ROSALES RUIZ** was

engaged in business within Berrien County located directly adjacent to Piedt Farms, which is

located at 7373 E. Main, Eau Clare, Michigan 49111**.**

C.      Defendant, **MIGUEL ROSALES RUIZ**, at all times hereinafter mentioned

engaged in the farm labor contracting activities of furnishing, recruiting, soliciting, hiring, and

employing migrant and seasonal agricultural workers within the meaning of section 3(7) of the

MSPA and is a farm labor contractor within the meaning of section 3(6) of the MSPA.

**XI**

Since at least August 16, 2013, defendants repeatedly violated the provisions of the

MSPA as set forth below:

A.      Defendants failed to disclose, in writing, the information required by section

201(a) of the MSPA to migrant agricultural workers they employed;

B.      Defendants failed to provide an itemized written statement to migrant agricultural

workers containing the information required by section 201(d)(1) of the MSPA;

C.      Defendants failed to pay wages when due to migrant agricultural workers they

employed, as required by section 202(a) of the MSPA;

D.      Defendants failed to disclose, in writing, the information required by section

301(a) of the MSPA to seasonal agricultural workers they employed;

**E.** Defendants they failed to provide an itemized written statement in writing to seasonal agricultural workers the information required by section 301(d)(1) of the MSPA; and

**F.** Defendants failed to pay wages when due to seasonal agricultural workers they employed, as required by section 302(a) of the MSPA.

## XII

By the notice dated August 4, 2014 (attached hereto as Exhibit B), pursuant to section 503(a) of the MSPA, and in accordance with 29 C.F.R. Part 500, the Administrator, Wage and Hour Division, United States Department of Labor ("Administrator") assessed defendants civil money penalties totaling $7,300.00 for violations of the MSPA described in paragraph XI above. Defendants failed to take a timely exception to these civil money penalties, therefore, the determination of the Administrator became a final and non-appealable order of the Secretary of Labor on September 9, 2014, pursuant to section 503(b)(1), as described in the notice dated September 24, 2014 (attached hereto as Exhibit C). Defendants paid the civil money penalties in full on October 14, 2014.

## XIII

During the period since at least August 16, 2013, defendants have repeatedly violated the aforesaid provisions of the MSPA. A judgment enjoining and restraining such violations is expressly authorized by section 502(a) of the MSPA.

## XIV

### PRAYER FOR RELIEF

**WHEREFORE**, causing having been shown, Plaintiff prays for

(a) Judgment against defendants, pursuant to section 502(a) of the MSPA, permanently enjoining and restraining defendants, their agents, servants, employees, and those

persons in active concert or participation with them, from violating the provisions of sections

201, 202, 301, and 302 of the MSPA;

     (b)     For an Order awarding Plaintiff the costs of this action; and

     (c)     For such other and further relief as may be necessary and appropriate.


                                **M. PATRICIA SMITH**
                                Solicitor of Labor

                                **CHRISTINE Z. HERI**
                                Regional Solicitor

P.O. ADDRESS:                     s/Kevin M. Wilemon
                                  **KEVIN M. WILEMON**

Office of the Solicitor           Trial Attorney
U.S. Department of Labor
230 S. Dearborn St., Room 844     Attorneys for **THOMAS E. PEREZ**,
Chicago, Illinois 60604           Secretary of Labor, United States
Telephone No.:  312/353-6973      Department of Labor, Plaintiff
Fax No.: 312/353-5698
E-mail: wilemon.kevin@dol.gov


Local Counsel:
**PATRICK A. MILES, JR.**
United States Attorney


s/ W. Francesca Ferguson
**W. FRANCESCA FERGUSON**
Assistant U.S. Attorney
330 Ionia NW, 5th Floor
PO Box 208
Grand Rapids, MI 49501-0208
(616) 456-2404, ext. 12020
Fax: (616) 456-2510
francesca.ferguson@usdoj.gov